# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COLLEEN DWYER
160 South Strathcona Drive
York, PA 17403

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA
2211 Congress Street
Portland, ME 04102

and

GLATFELTER HEALTH AND WELFARE BENEFITS PLAN
96 South George Street
York, PA 17401
    Defendants.

Case No.

## COMPLAINT

Plaintiff Colleen Dwyer ("Plaintiff" or "Ms. Dwyer"), through her undersigned counsel and for her complaint against Defendants Unum Life Insurance Company of America and the Glatfelter Health and Welfare Benefits Plan states as follows:

### INTRODUCTION

1. Plaintiff is a bilateral below the knee amputee with a history of debilitating Meniere's disease, which results in frequent, uncontrollable, and unpredictable vertigo, nausea, and gastrointestinal distress. Because her balance is compromised on good day, Plaintiff is forced to confine herself to her bed or bedroom when experiencing her symptoms. She also experiences a host of comorbid conditions that further impair her ability to work.

2. Plaintiff brings this action pursuant to Section 502(a) of ERISA, 29 U.S.C. § 1132(a). Plaintiff seeks long-term disability ("LTD") benefits due pursuant to the terms of the Glatfelter Health and Welfare Benefits Plan ("the Plan") pursuant to 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

## THE PARTIES

3. Ms. Dwyer is a resident of York, Pennsylvania, and a former employee of P.H. Glatfelter Company ("Glatfelter").

4. The Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), that provides, among other benefits, short and long-term disability benefits to eligible plan participants. A copy of the Plan document in effect at the time of Plaintiff's disability is appended hereto as Exhibit A.

5. Ms. Dwyer is, and at all times relevant to this Complaint has been, a participant in the Plan, which has numerous participants domiciled in this District.

6. Glatfelter is the Plan's Sponsor and Administrator as those terms are defined in Section 3 of ERISA, 29 U.S.C. § 1002.

7. At all times relevant to the Complaint, Glatfelter self-funded the Plan's STD benefits and retained Defendant Unum Life Insurance Company of America ("Unum") to process and adjudicate claims for the Plan's STD benefits program.

8. The Plan's LTD benefits are funded through a contract of insurance (group policy 601620 001) ("the Group Contract") Glatfelter purchased from Unum, which is headquartered in Portland Maine, and which maintains an office in this District and Division in King of Prussia, Pennsylvania. A copy of the Group Contract Glatfelter produced to Plaintiff is appended hereto as Exhibit B.

2

9. The Group Contract was delivered and accepted in the Commonwealth of Pennsylvania and is governed by its laws to the extent that ERISA does not preempt such laws.

10. Unum contends that it is responsible for adjudicating claims for the Plan's LTD benefits.

11. As the entity reputedly responsible for adjudicating claims for Plan benefits and paying those benefits, Unum operates under an inherent conflict of interest as a matter of law.

## JURISDICTION AND VENUE

12. The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under ERISA—a law of the United States—and specifically pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

13. At all relevant times, the Plan was and is administered in the Eastern District of Pennsylvania. Venue is thus proper in the United States District Court for the Eastern District of Pennsylvania. 29 U.S.C. § 1132(e)(2).

14. The Court has personal jurisdiction over Defendants as the Plan is administered in this District and Division, and Defendants regularly transact business in this District and Division.

15. Section 503 of ERISA, 29 U.S.C. § 1133, provides a mechanism for administrative or internal appeals of benefit claim denials. Those avenues of appeal have been exhausted.

## THE PLAN AND APPLICABLE STANDARD OF REVIEW

16. Unum drafted the Group Contract insuring the Plan in its entirety.

17. The employees or agents of Glatfelter and Unum did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from Glatfelter to Unum before purchasing the group contract insuring and funding the Plan.

3

18. Although Glatfelter delegated responsibility to adjudicate claims for disability benefits under the Plan to Unum, it did not expressly or impliedly delegate the discretionary authority to construe or interpret the terms of the Plan and determine eligibility for Plan benefits to Unum.

19. Glatfelter never amended the Plan to confer the discretionary authority to construe or interpret the terms of the Plan and determine eligibility for Plan benefits upon Unum.

20. The Group Contract and Plan are devoid of any language purporting to confer on Unum discretionary authority to construe or interpret the terms of the Plan.

21. Unum therefore lacked the discretionary authority to construe or interpret the terms of the Plan and determine eligibility for disability benefits under the Plan and its adverse claim determinations in this matter are to be reviewed under the *de novo* standard of review.

22. The Plan's short-term disability ("STD") program provides for up to 26 weeks of STD benefits, provided that the employee is certified as unable to perform the material and substantial duties of his or her regular occupation and not working in any gainful occupation and thus determined to be disabled.

23. Once the employee has exhausted her 26 weeks of STD benefits but remains disabled, the participant may receive long-term disability ("LTD") benefits.

24. The standards for receiving LTD benefits are substantially the same as those for receiving STD benefits, except subject to a lower standard. The Group Contract insuring the LTD program provides that an employee is disabled when:

-[He or she is] limited from performing the material and substantial duties of [his or her] regular occupation due to [his or her] sickness or injury; and

-[He or she has] a 20% or more loss in [his or her] indexed monthly earnings due to the same sickness or injury.

4

Exhibit B.

25. The Group Contract defines "Material and substantial duties" as those "duties that:

-are normally required for the performance of [his or her] regular occupation; and

-cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Unum will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Id.*

26. "Regular Occupation" is defined as "the occupation [the employee is] routinely performing when [his or her] disability begins."

27. Ms. Dwyer is a member of "Group 1" and is therefore eligible for an LTD benefit payment that consists of 50% of her monthly earnings with a maximum potential benefit of $15,000 per month. *Id.*

## FACTS COMMON TO ALL COUNTS

28. Glatfelter hired Ms. Dwyer on September 26, 2016 as a Project and Portfolio Management ("PPM") Process Lead.

29. Unum determined that Ms. Dwyer's Regular Occupation most closely matched with Project Manager under the Dictionary of Occupational Titles ("DOT") (189.117-030).

30. In 1998, Ms. Dwyer became gravely ill and temporarily fell into a coma. She consequently underwent surgical amputation of both of her legs below the knees.

31. Ms. Dwyer uses bilateral leg protheses to ambulate and does not use a wheelchair.

32. In 1993, Ms. Dwyer was diagnosed with Meniere's disease.

33. Meniere's disease is a disorder of the inner ear that causes severe dizziness, ringing in the ears, hearing loss, and other symptoms. People with Meniere's disease can experience sudden bouts of vertigo associated with nausea and tinnitus.

34. In late 2017, Ms. Dwyer began experiencing increased symptoms related to her Meniere's disease, mainly vertigo, dizziness, and associated vomiting. Her normal method of treatment, however, no longer helped.

35. Around January 29, 2018, Dr. David Wilson, Ms. Dwyer's primary care physician, opined that Ms. Dwyer should not continue to work due to the severity of her conditions.

36. Ms. Dwyer worked her last day at Glatfelter on February 4, 2018 and submitted a claim for STD benefits under the Plan.

37. Unum approved her claim for STD benefits from February 5, 2108 onward.

38. Ms. Dwyer received her STD benefits without interruption for the maximum duration such benefits were payable. That duration was co-terminus with the 180-day elimination period for receiving LTD benefits under the Group Contract and Plan.

39. Unum repeatedly found that Ms. Dwyer was disabled under the terms of the Plan and entitled to STD benefits thereunder.

40. While Ms. Dwyer was receiving STD benefits, Unum began the process of evaluating her claim for LTD benefits effective as of August 2018.

41. Notwithstanding the fact that the Unum had repeatedly found Ms. Dwyer to be continuously disabled under the terms of the Plan from February 2018 through August 5, 2018, it concluded by way of a letter dated October 31, 2018, that Ms. Dwyer was not disabled and entitled to LTD benefits from August 5, 2108 onward because she ceased to have been disabled for the duration of the LTD elimination period.

42. Unum's determination that Ms. Dwyer had not satisfied the LTD program's 180-day limitation period is directly and irreconcilably contradicted by its determinations that Ms. Dwyer was eligible for STD benefits for the maximum duration payable under the Plan.

*43.* Thus, Unum was more than willing to approve Ms. Dwyer's STD benefits when they were paid out of the Plan's self-funded pool for such benefits, but was unwilling to approve her LTD benefits under a nearly identical standard when it was responsible for paying such benefits out of the Group Contract.

*44.* Ms. Dwyer applied for Social Security Disability ("SSDI") benefits in or about April 2019 as is required under the terms of the Group Contract.

*45.* Ms. Dwyer submitted a timely appeal of Unum's denial of her claim for LTD benefits on April 29, 2019.

*46.* Unum denied Ms. Dwyer's appeal by way of a letter dated August 16, 2019.

*47.* The Social Security Administration approved Ms. Dwyer's SSDI claim on her first attempt and without a hearing ten days later, on August 26, 2019. A copy of the Notice of Award is appended hereto as Exhibit C.

*48.* Ms. Dwyer has exhausted her mandatory appeals under the terms of the Plan and all conditions precedent to filing the instant lawsuit have been completed.

### COUNT I – CLAIM FOR BENEFITS PURSUANT TO ERISA § 502(a)(1)(B)

*49.* Ms. Dwyer repeats, reaffirms, and realleges paragraphs 1 through 48 of the Complaint as if they were fully restated at length herein.

*50.* Ms. Dwyer has exhausted her administrative remedies under the Plan and, thus, all conditions precedent to the filing of this action have been performed or have occurred.

*51.* Ms. Dwyer was and remains completely disabled from performing the material duties of her regular occupation or any gainful occupation.

*52.* The denial of Ms. Dwyer's claim for benefits was erroneous and contrary to the terms of the Plan.

53. Unum failed to provide Ms. Dwyer with a full and fair review of her claim in violation of Section 503 of ERISA, 29 U.S.C. § 1133, as well as 29 C.F.R. § 2560.503-1.

54. Under Section 502(a)(1)(B) of ERSIA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

55. As a result of Defendants' denial of Ms. Dwyer's claim for benefits, subsequently upholding that decision, and the refusal to overturn it, there exists an actual case and controversy by and between the parties hereto entitling Ms. Dwyer to a declaration of rights clarifying the benefits to which she is entitled under the Plan.

WHEREFORE, Ms. Dwyer prays the Court grant her the following relief with respect to Count I of her Complaint:

   a. That the Court enter judgment in favor of Plaintiff and against Defendants and award her all past due LTD benefits with interest;

   b. That the Court order Unum and the Plan to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

   c. That the Court reinstate Plaintiff's LTD benefits prospectively subject to the terms of the Plan;

   d. That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against Unum and the Plan; and

   e. That the Court award Plaintiff such other relief as it deems just, necessary, or proper.

                              Respectfully submitted,

                              */s/ Adam Harrison Garner*

                              Adam Harrison Garner (Bar I.D. 320476)
                              The Garner Firm, Ltd.
                              1515 Market Street, Suite 1200
                              Philadelphia, PA 19102
                              (215) 645-5955 (Tel)
                              (215) 645-5960 (Fax)
                              adam@garnerltd.com

Dated: October 11, 2019