IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLLEEN DWYER, : | | |
| Plaintiff, : | | CIVIL ACTION |
| : | | No. 19-4751 |
| v. : | | |
| : | | |
| UNUM LIFE INSURANCE COMPANY : | | |
| OF AMERICA, : | | |
| Defendant. : | | |

McHUGH, J.                                                                                                JULY 2, 2020

**MEMORANDUM**

This case involves a dispute governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, arising from the denial of Plaintiff Colleen Dwyer's claim for long-term disability ("LTD") benefits by Defendant Unum Life Insurance Company of America. The parties have stipulated that this denial of benefits is subject to *de novo* review. The parties have also submitted certain stipulations concerning discovery, and pursuant to the process on which they have agreed now ask the Court to resolve continuing disagreements concerning the proper scope of discovery.

In broad terms, the parties take opposite positions as to whether discovery should be granted sparingly or liberally when review of a denial of a disability claim under ERISA is *de novo*. Unum cites a number of district court opinions, together with opinions from other circuits, endorsing a stricter approach to discovery, requiring specific justification to consider evidence beyond what is contained by the administrative record below. *See, e.g.*, *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993) (noting that courts should consider supplemental evidence "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision"). Plaintiff similarly

cites non-binding authority to support her contention that discovery should be allowed more permissively. *See, e.g.*, *Krolnik v. Prudential Ins. Co. of Am.*, 570 F.3d 841, 843 (7th Cir. 2009) (noting that *de novo* review does not require literal review of the administrative record, but rather "an independent *decision* rather than 'review,'" with the district court being free to take evidence as needed); *see also Ho v. Goldman Sachs & Co. Grp. Long Term Disability Plan*, 2016 WL 8673067, at *12 (D.N.J. Oct. 28, 2016) (noting "[i]n short, the *de novo* standard is transparent. What lies on the other side is equivalent to an ordinary motion for summary judgment—albeit one resting, in whole or in part, on a record compiled elsewhere").

The Third Circuit has not directly addressed this question. In *Viera v. Life Insurance Co. of North America*, 642 F.3d 407 (3d Cir. 2011), one of its leading cases on applying the appropriate standard of review in disability cases governed by ERISA, the Court of Appeals stated that in a posture of *de novo* review, a district court's "determination may be based on any information before the administrator initially, as well as any supplemental evidence." *Id.* at 418 (cleaned up). *Viera* did not however set limits or provide guidance on how district courts should wield their discretion.

Intuitively, it is not clear to me why there should be a presumption against discovery when review is *de novo*. Plaintiff still bears the burden of proof, and courts have applied the same "preponderance of the evidence" standard that governs any civil case. *See Pesacov v. Unum Life Ins. Co.*, 2020 WL 2793165, at *4 (E.D. Pa. May 29, 2020).[1] In that regard, Judge Easterbrook's discussion in *Krolnik* has resonance. There, he noted that the limitations that

---

[1] Plaintiff is correct to observe that failure to pursue evidence that could meet a claimant's burden of proof can prove fatal. *See Dorris v. Unum Life Ins. Co. of Am.,* 949 F.3d 297 (7th Cir. 2020) (citing *Krolnik*).

apply to deferential review lack the same rationale in the context of *de novo* review. He compared *de novo* review to a non-ERISA claim for benefits under an insurance contract, noting:

> [T]he federal judge won't ask what evidence the insurer considered. The court will decide for itself where the truth lies. A judge would not dream of forbidding the parties to take discovery . . . Evidence is essential if the court is to fulfill its fact-finding function. Just so in ERISA litigation.

*Krolnik*, 570 F.3d at 843.

Judge Easterbrook also cogently observed that the Civil Rules governing discovery equip district judges to make case-specific determinations of whether discovery is warranted, rather than rely upon indiscriminate generalization. *Id.*

With these principles in mind, I now turn to the specifics of the parties' dispute and will proceed in the order in which they are introduced in Plaintiff's letter. ECF 16.

## **Interrogatories**

Plaintiff takes issue with Unum's responses to Interrogatories 8, 9, 13, 14, 19, and 20. Ex. A, ECF 16-1. Plaintiff argues that the blanket form objections used in all of these responses as to the requests being overly broad, disproportionate, irrelevant, and seeking private information about third parties are improper, and cites district court opinions which have apparently admonished Unum for doing so. *Wittman v. Unum Life Ins. Co. of Am.*, 2018 WL 1912163, at *3 (E.D. La. Apr. 23, 2018); *Gray v. Unum Life Ins. Co. of Am.*, 2018 WL 4566850, at *6 (C.D. Cal. Sept. 21, 2018). I agree that blanket form objections are unhelpful, but will not base my decision on my view of them. Rather, I will focus on the core substance of the disputes between the parties with respect to each discovery request individually.

Interrogatory 8 asks Unum to identify all instances in which it has approved a short-term disability ("STD") claim for its maximum duration and then found that claimants have failed to

satisfy the elimination period for their following LTD claim. Interrogatory 9 asks Unum to identify the universe of STD claims where claimants have subsequently satisfied the requisite elimination period for an LTD claim. Unum objects to answering both interrogatories. In her letter, Plaintiff clarifies that she is willing to accept a simple "yes" or "no" response to whether any other plan participants have shared Plaintiff's experience (approval of STD claim, then denial of LTD claim due to failure to satisfy elimination period), and then follow up via deposition or supplemental discovery requests as warranted, but Unum has objected to this approach as well.

      Unum argues in its objections that discovery as to what happened in other cases is generally irrelevant, and further irrelevant under a *de novo* standard of review. Plaintiff responds by arguing that any inconsistency in how she was treated might reveal a latent ambiguity in the meaning of "disabled," which would be interpreted in Plaintiff's favor under the doctrine of *contra proferentem*. *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 76-77 (3d Cir. 2011). Plaintiff additionally argues that Unum has an obligation to treat her the same as similarly situated Plan participants, and these requests are relevant to discovering whether that occurred. 29 C.F.R. § 2560.503-1(b)(5).

      I am persuaded that Plaintiff obtaining a "yes" or "no" answer to both questions is legitimate, along with a general exploration of the factors that might lead to what appear to be incongruent outcomes, and Unum is directed to answer Plaintiff in these respects. But requiring Unum to produce the entire series of claims that satisfy both interrogatories would be unduly burdensome, and Unum's objections in that regard are sustained. Unum is not barred, however, from seeking court intervention as to the proper scope of any follow-up discovery.

Interrogatory 13 asks Unum to explain how its processing of claims under LTD and STD differ, and Interrogatory 14 more specifically asks Unum to state whether and how the standards for receiving disability benefits under STD and LTD are different. Although these questions are in some respects not dissimilar from Interrogatories 8 and 9, I will sustain Unum's objections because the inquiries have the claims handling process as their specific focus, and are therefore irrelevant in conducting *de novo* review. I note as well that Unum's production of its Claims Manual should suffice for Plaintiff's needs.[2]

Interrogatories 19 and 20 seek to obtain information about the medical consultants who denied Plaintiff's claim, specifically with respect to their approval and denial of other LTD claims in the last five years. *Viera* forecloses conflict of interest discovery when the standard of review is *de novo*. 642 F.3d at 418 (noting that issue of insurance company's "conflict of interest in being both the payor and administrator of benefits . . . is only pertinent to an abuse-of-discretion standard of review" and not *de novo* review). This same logic can be extended to questions of consultant bias, and Unum cites cases that have done so. *See, e.g.*, *Herbert v. Prudential Ins. Co. of Am.*, 2014 WL 4186553, at *3 (E.D. Pa. Aug. 22, 2014) (noting that "the plan administrator's bias is irrelevant because the court reviews the record and the plan to determine whether the insured was entitled to benefits without any deference or regard for the administrator's determination"). Finally, in a non-precedential opinion, a panel of the Third Circuit held that a district court did not err in rejecting "batting average" discovery even under abuse of discretion review, where questions of bias and conflict of interest are relevant. *Reichard v. United of Omaha Life Ins. Co.*, 805 Fed. Appx. 111, 116-17 (3d Cir. 2020). Consequently, Unum's objections to these interrogatories are sustained.

---

[2] Unum's objection to Plaintiff's request to depose Kurt Phillips, Lead Appeals Specialist, will be sustained on the same basis.

### Requests for Production

Unum takes issue with Plaintiff's Request for Production of Documents Numbers 16, 17, and 25.  Requests 16 and 17 concern the medical consultants' personnel files and internal assessments of their performances, respectively.  As they would mostly go to questions of bias, Unum's objection to both production requests will be sustained.

Request 25 involves a request for documents regarding a 2004 Regulatory Settlement Agreement ("RSA") that Unum entered into with various governmental agencies, in order to assess whether Plaintiff's claims were handled in compliance with said RSA.  The RSA may be relevant in terms of determining how the policy should be properly interpreted, and so Unum's objection to this request will be overruled.

### Deposition Notices

Unum has refused to make any witnesses available to be deposed.  Plaintiff has sought the depositions of both medical consultants, Scott Norris, MD and Peter Brown, MD, involved in denying her claim, along with a corporate designee.  I do not see any basis for Unum being able to prevent Plaintiff from deposing the medical consultants, as their findings regarding Plaintiff's non-disability go to the heart of the matter.[3]  In addition, after reviewing the Deposition Notices, the appointment of a corporate designee appears uncontroversial; indeed, Unum has raised no objections for Topics 1-4 in the event a designee is appointed.  All of the depositions would be conducted via video to ensure that witnesses are not subjected to increased risk of coronavirus.  Unum is thus directed to make both medical consultants, along with a corporate designee, available for deposition.

---

[3] Conversely, there would be no limitation upon Unum's ability to depose Plaintiff's medical providers.

Topic 5 pertains to the completeness of the administrative record, which is an appropriate topic of inquiry. Topics 6-7 involve the definition of disability under the Plan's STD and LTD programs, which once again appear relevant in terms of interpreting the policy's provisions. Unum's objections to these topics are overruled.

Topic 8 goes to the compensation and incentives received by various Unum staff, including medical consultants. As discussed with respect to corresponding discovery requests above, these topics significantly implicate questions of conflict of interest and bias, which *Viera* held is irrelevant in *de novo* review. Therefore, Unum's objection to this topic is sustained. Unum's objections to Topics 13-14, which involve the total compensation paid to the medical consultants as well as their performance reviews, are also sustained on a similar basis.

Topics 15-16 go to the affirmative defenses that Unum plans to assert in this matter, ECF 8, along with the underlying facts supporting them. This is an entirely proper subject of inquiry, so these objections will be overruled.

An appropriate Order follows.

    /s/ Gerald Austin McHugh
United States District Judge